**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge Gordon P. Gallagher

Civil Case No.: 11-cv-03182-REB-GPG

TIMOTHY SAWATZKY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER REGARDING PLAINTIFF'S MOTION
FOR PROTECTIVE ORDER (Document 48)**
_____

    Plaintiff moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). For the following reasons, Plaintiff's motion is **DENIED**.

    Plaintiff alleges that Defendant has engaged in a course of surveillance of Plaintiff's activities and that this surveillance occurred after the formal conclusion of discovery as set forth in the Court's Scheduling Order.

In particular, Plaintiff believes that Defendant, or agents acting on behalf of Defendant, have done the following; investigated Plaintiff's post office box, queried postal workers regarding suspicious activity of Plaintiff's behalf, followed Plaintiff, and spoken with friends and acquaintances regarding Plaintiff's activities with the innuendo that Plaintiff was slandered during said conversations.  Plaintiff contends that these activities are harassing, annoying and embarrassing to Plaintiff and that such activities are harming Plaintiff's business and reputation in the community.

It should be noted that Plaintiff offers no specifics as to the mechanism for the aforementioned surveillance.  Plaintiff offers nothing to support the fact that Defendant is actually engaged in any such activity, be it improper or not.  Additionally, Plaintiff offers no evidence to support Plaintiff's claims that Plaintiff is being harassed, annoyed or embarrassed. No affidavits were attached to Plaintiff's motion.

Defendant, in its Response to Plaintiff's Motion for Protective Order (Document 54) asserts that the Postal Service did conduct three days of surveillance in January, 2013. Defendant refutes any assertions that Defendant's agents investigated Plaintiff's P.O. Box, questioned postal workers about suspicious packages or questioned Plaintiff's friends or acquaintances about Plaintiff.

Plaintiff essentially makes three claims which the Court will address in turn. First: that Defendant's surveillance activities are harassing, annoying and embarrassing. Second: that Defendant is conducting investigation after the conclusion of formal discovery in the matter. Third and finally: that the Court should Order a stop to the surveillance under Federal Rule of Civil Procedure 26(c)(1).

First, with regard to the argument that Defendant's surveillance activities are harassing, annoying and embarrassing: This matter appears before the Court on Plaintiff's motion. Thus, Plaintiff has at least the initial burden of persuasion/ proof. In addition, Plaintiff as the filer of the motion has the burden of proving good cause. Plaintiff merely makes the bare assertion that he is being harassed, annoyed and embarrassed. No evidence is provided to assert these claims. The Court is not convinced by even a preponderance standard that any surveillance has harassed, annoyed or alarmed Plaintiff.

Second, with regard to the argument that Defendant is conducting investigation after the conclusion of formal discovery in the matter: It is correct that the discovery deadline has passed in this matter. At this point, any independent investigation being conducted by Defendant is just that, investigation. While it may, under some circumstances, become discovery, under other circumstances it may not. As correctly stated by Defendant in its Response, any surveillance may lead to proper impeachment which is not always discoverable. The fact that the discovery deadline has passed does not prohibit further independent investigation by a party which may lead to impeachment material.

Third and finally, Plaintiff argues that the Court should Order a stop to the surveillance under Federal Rule of Civil Procedure 26(c)(1): In short form, Rule 26(c)(1) addresses when the Court can issue a protective order to stop various types of abusive discovery. The Court is not convinced that the surveillance process described constitutes discovery and thus the cannot stop such surveillance under Rule 26(c)(1). Whether the surveillance becomes discoverable is a separate question which will be answered in a separate Order.

Plaintiff moves for costs. This will be addressed in the Courts Order regarding the Plaintiff's Motion to Compel. With regard to potential future discovery disputes in this action, the parties are instructed, if they cannot reach a resolution through conferral, to arrange a conference call with both parties and the Court prior to the filing of any written motion in the hope that this lengthy process can be averted at the inception.

Therefore, the Court ORDERS that Plaintiff's motion is **DENIED**:

Dated March 27th, 2013.

BY THE COURT:

s/ Gordon P. Gallagher

_____

Gordon P. Gallagher
U.S. Magistrate Judge