**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge Gordon P. Gallagher

Civil Case No.: 11-cv-03182-REB-GPG

TIMOTHY SAWATZKY,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION**
**TO COMPEL (Document 49)**

---

Plaintiff moves to compel Defendant to supplement its discovery disclosures and responses with regard to some additional surveillance which was conducted in this matter.  For the following reasons, Plaintiff's motion is **GRANTED**.

Plaintiff alleges that Defendant has engaged in a course of surveillance of Plaintiff's activities and that this surveillance occurred after the formal conclusion of discovery as set forth in the Court's Scheduling Order.  To be clear, there are two periods of potential surveillance.

Discovery has been produced with regard to the initial period of surveillance.  This Order addresses any surveillance which occurred after the initial surveillance, including but not limited to any surveillance which occurred in January, 2013.

Plaintiff, in its interrogatories (Interrogatory 9) and its requests for production (Request 3) clearly demand all information relating to surveillance.   On February 1, 2013, apparently in follow-up to a telephone call discussing the same, Plaintiff wrote a letter to Defendant demanding production of new surveillance information.  Receiving no new information, Plaintiff filed the instant motion.

Defendant, in its Response to Plaintiff's Motion for Protective Order (Document 54) asserts that the Postal Service did conduct three days of surveillance in January, 2013. Defendant's position is that Defense Counsel did not receive the surveillance information until March 8, 2013 and needs time to review the information prior to its release.  Defense Counsel proposes to release the information on March 29, 2013.  Defense Counsel also argues that it need not produce the evidence as it may be used for impeachment.

It is clear to the Court that additional surveillance of Plaintiff was conducted by agents acting at the behest of the Defense.  No evidence has been provided to show whether that surveillance was conducted at the behest of Defense Counsel or whether Defendant engaged in the additional surveillance on its own.  The Court determines that this evidence would fall within that which must be disclosed pursuant to Federal Rule of Civil Procedure 26.

Defense Counsel was made aware, at least in general terms, of the possible existence of this new surveillance in early February, 2013.  It is unreasonable to claim that nothing can be provided to the Plaintiff prior to March 29, 2013.  As of early February if not before, Defendant had a duty to supplement its disclosures pursuant to Federal Rule of Civil Procedure 26(e).

Therefore, the Court **ORDERS** that Plaintiff's motion is **GRANTED**:

Defendant, no later than the close of business on March 29, 2013, must provide the following information and must supplement its disclosure if additional information becomes available:

a.  All information requested in Plaintiff's interrogatory 9.
b.  All items requested in Plaintiff's request for production 3.
c.  Any tangible items such as tapes, videos, or other electronic media regarding surveillance.

Both parties have moved for costs with regard to the preparation and filing of this group of motions and related pleadings.  The Court Orders that such costs are appropriate and should be paid.  However, the Court further finds that the relative costs of these motions balance out and therefore ultimately declines to order costs with regard to either Document 48 and related filings or with regard to Document 49 and related filings.

Dated March 27th, 2013.

BY THE COURT:

s/ Gordon P. Gallagher

_____

Gordon P. Gallagher
U.S. Magistrate Judge