**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03182-REB-GPG

TIMOTHY SAWATZKY,

    Plaintiff,

v.

THE UNITED STATES POSTAL SERVICE,

    Defendant.

**SECOND TRIAL PREPARATION CONFERENCE ORDER**

**Blackburn, J.**

Pursuant to D.C.COLO.LCivR 43.1, the court enters this **Second Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. That trial by jury shall commence **July 22, 2013**, at 8:30 a.m., in courtroom 310, of the Wayne Aspinall Courthouse, 402 Rood Avenue, Grand Junction, Colorado, 81501, at which trial all parties shall appear in person without further notice, order, or subpoena;

2. That the court reserves seven (7) days for trial:

- Monday, July 22, 2013, through Friday, July 26, 2013; and

- Monday, July 29, 2013, through Tuesday, July 30, 2013;

3. That counsel and any *pro se* party shall appear in courtroom 310 on the first day of trial at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

4. That the **Trial Preparation Conference** shall commence on **June 28, 2013**, at 2:00 p.m., in courtroom A1001 located on the 10th Floor North, of the Alfred A. Arraj,

United States Courthouse Annex, 901 19th Street, Denver, Colorado 80294;

    5. That lead counsel and any *pro se* party shall attend the conference;

    6. That at the outset of the conference, the parties shall submit one Parties' Joint Exhibit List on the form required by the court (an original for the court with copies for the courtroom deputy clerk, the court reporter, and all other parties) and each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address (city or county and state only) of each witness that will be called and a "may call" witness list enumerating the name and address (city or county and state only) of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the "will call" witnesses listed will be present and available to testify during trial;

    7. That before commencement of jury selection, the parties shall submit to the courtroom deputy clerk the exhibits identified in their joint exhibit list (a set of original exhibits for use by the witnesses and copies for the court and all other parties);

    8. That at the conference the parties shall be prepared to review and discuss, *inter alia*, the following:

        a. the proposed Final Pretrial Order;

        b. stipulated and proposed jury instructions and verdict forms;

        c. *voir dire* questions;

        d. the jury selection process and the use of juror questionnaires;

        e. identification of all persons permitted to be seated at each party's table;

        f. the pronunciation of problematic party's and witness' names;

        g. the names or monikers that may be used when referring to a party or a

witness;

      h. identification of "will call" and "may call" witnesses;

      i. use of deposition testimony:

            1. designation of specific testimony by page and line; and

            2. identification of the person selected to read deposition answers;

      j. use of video depositions:

            1. resolution of objections;

            2. pretrial redaction, if necessary; and

            3. arrangements for necessary equipment to broadcast the deposition;

      k. the allocation of trial time between the parties;

      l. the admission of stipulated exhibits or exhibits about which there are no objections;

      m. timing of publication, if any, of trial exhibits to the jury;

      n. anticipated evidentiary issues;

      o. the necessity for cautionary or limiting instructions;

      p. requests or requirement for trial briefs;

      q. exemptions from the order of sequestration of witnesses;

      r. security precautions, requirements, or issues;

      s. training on the use of courtroom technology; and

      t. transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial;[1]

---

[1] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties. A listing of available equipment can be found on the District Court's website at **http://www.cod.uscourts.gov/Judges/Judges.aspx** under "Courtroom Technology Manual for Attorneys." Arrangements for training on courtroom technology must be made with the courtroom deputy

9. That each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

10. That pending further court order, the jurors shall not be sequestered before deliberations;

11. That trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

12. That opening statements shall be limited to **thirty (30)** minutes per party;

13. That the court will not engage in the examination of any witness, except to eschew plain error;

14. That pursuant to REB Civ. Practice Standard III.B.4.b., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

15. That objections made in the presence or hearing of the jury, i.e., so-called "speaking" objections, shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, neither counsel nor a pro se party shall speechify an objection in the presence or hearing of the jury [*See* Fed. R. Evid. 103(d)];

16. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk by the conclusion of a trial day about

---

clerk, **Kathleen Finney, at (303)335-2099**, at least 14 days before trial. Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom

any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms, the parties shall identify and enumerate each individual jury instruction in the heading or title as specified in REB Civ. Practice Standard V.C.4.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That closing argument shall be limited to forty-five **(45)** minutes total for each party;

20. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, should be contacted; and

21. That pursuant to REB Civ. Practice Standard IV.A.1.b., the Final Pretrial Order as modified or supplemented by this Trial Preparation Conference Order and any order entered during the combined Final Pretrial Conference and Trial Preparation Conference shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.

Dated April 18, 2013, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge