**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
U.S. Magistrate Judge Gordon P. Gallagher

Civil Case No.: 11-cv-03182-REB-GPG

TIMOTHY SAWATZKY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**JOINT ORDER REGARDING
PLAINTIFF'S MOTION TO QUASH (Document 94) and
PLAINTIFF'S SECOND MOTION TO QUASH (Document 99)**

_____

    Plaintiff moves, in its first motion to quash (document 94) to quash three subpoenas *duces tecum* issued by Defendant on July 1, 2013 to various of Plaintiff's medical providers. Plaintiff moves, in its second motion to quash (document 99) to quash eight subpoenas *duces tecum* issued by Defendant on July 10 and July 11, 2013 to various of Plaintiff's medical providers. Because of the almost identical nature of the arguments and issues posed by each of these motions, the Court jointly ORDERS as follows:

I.    BACKGROUND

    This dispute is in the nature of a federal torts claims act case filed against the government due to a traffic accident in which an employee of the United States Postal Service, engaged in her duties and in a postal vehicle, was in a slow speed traffic accident with Plaintiff. Plaintiff allegedly suffered injuries as a result of the accident. The litigation in this matter has been ongoing since December, 2011. The matter is currently set to proceed to a bench trial before the Honorable Ray Moore, District Court Judge, commencing on July 22, 2013.

The nature of the dispute in this matter is relatively simple and has been clear to the parties for a long time. Essentially, Defendant disputes that such a slow speed accident could have caused the injuries claimed by the Plaintiff. Defendant's health and medical condition, both before and after the accident, are relevant in order to determine if the accident in fact caused Plaintiff's claimed injuries. To that end, the discovery in this case has included medical records, the parties have endorsed and intend to call as witnesses various medical professionals, the parties intend to submit and have endorsed as exhibits various medical records and there has been some limited litigation (which will be addressed in detail below) as to these issues. Defendant has clearly had the belief that Plaintiff was malingering with regard to the claimed injuries as is supported by Defendant's surveillance of Plaintiff on that specific issue.

## II. PRIOR LITIGATION AND RELEVANT DATES

As stated above, there has been some limited litigation on discovery issues in this matter. In addition, there have been numerous appearances and occasions during which a discovery dispute could have been brought to the Court's attention but was not. The relevant dates and issues are as follows:

5/11/2012: Plaintiff filed a motion for a protective order with regard to the following: preventing Defendant from conducting informal discovery prior to the inception of the discovery time frame and preventing Defendant from requiring Plaintiff to sign medical releases. The issues were briefed by both parties.

7/19/2012: The Honorable Gudrun Rice, United States Magistrate Judge, ruled on the above issue. Judge Rice granted Plaintiff's motion with regard to the early discovery issue and denied the motion with regard to the signature issue. Judge Rice did not preclude a possible future requirement that Plaintiff may have to execute some sort of medical release.

9/12/2012: Plaintiff responded to Defendant's first request for production of documents. In many of the line items, Plaintiff refuses to provide some requested documents claiming variably such reasons as undue burden, lack of relevance, lack of possible later admissibility, privilege issues and prior production of the requested documents.

1/17/2013: Plaintiff provided Defendant with a privilege log specifying why certain requested medical documents either were not provided in discovery or why certain documents were redacted.

10/9/2012 thru 3/27/2013: Litigation occurred regarding surveillance being conducted (or allegedly being conducted) by the Defense of Plaintiff. These issues were resolved in March 27, 2013 by way of two orders issued by this Court.

5/15/2013: District Court Judge Moore Ordered the following: ORDER: This matter is before the Court *sua sponte*. The parties are hereby directed to file a Joint Status Report within 10 days, identifying the following: (1) the nature of the dispute between the parties, (2) the current status of the proceedings, (3) any and all pending motions, and (4) the prospects for settlement. This Report should not exceed 3 pages. The parties are invited to bring to the Court's attention any other issues which are relevant to the litigation, subject to the page limitation.

5/24/2013: The parties filed the Ordered Joint Status Report. No issues were raised other than an unopposed motion to continue some subpoenas.

6/3/2013: A final pretrial conference was held before this Court. No discovery issues were raised during the course of the hearing or in the required filing (document 79). During the course of the hearing there was a brief discussion, instigated by Defense Counsel Hersi. While it was never stated what this potential rebuttal evidence was, it was clarified that it was not the previously litigates surveillance tapes. The Court specifically inquired as to whether there was anything known that would prevent or interrupt the anticipated trial and nothing was brought to the Court's attention.

6/20/2013: A trial readiness conference was held before Judge Moore. The undersigned judicial officer was not present but has reviewed the preliminary transcript of that hearing. Mr. Hersi addressed, briefly, the issue of wanting full medical records and issuing subpoenas. The Court declined to Order anything on the issue, particularly as no motion was pending. The Court did state that it preferred not to have large volumes of medical records brought in during trial which would then necessitate a review of those records and a delay of the trial. No specific orders were issued at that conference on this issue.

III. CURRENT SUBPOENAS

Defendant has now issued subpoenas requiring production of the following: ***all medical records, notes, patient information, and billing records for Timothy Sawatzky in your possession, custody or control.*** These subpoenas were issued to:

Tarek T. Arja, D.O.
Dan Babbel, P.T.
Kirk Clifford, M.D.
Ben Dorenkamp, D.C.
Robert L. Frazho, M.D.
Kimberly A. Haas, OTR
Glenn Madrid, M.D.
Michael Murray, M.D.
Paul Numsen, D.O.
Ellen Price, D.O.
Doris Shriver, OTR, FAOTA, QRC, CLCP

The first group of subpoenas was issued on July 1, 2013. On July 10, 2013 the Court had a telephonic hearing to address the matter. Mr. Mayle and Mr. Pestal were present, by conference call, for the parties. The Court Ordered an expedited briefing schedule and that any documents, if received, were to be sealed and delivered to the Court. The second group of subpoenas were signed the same day as the telephone call with the Court. Despite the fact that the efficacy of such subpoenas were clearly at issue, Mr. Pestal did not mention to the Court or counsel that many more were in the works.

With regard to the aforementioned witnesses, each of them has been previously known of by both parties. Most, if not all are endorsed (although Plaintiff does not intend to call Dr. Murray, who is a urologist, at trial as it would be irrelevant). Records have been previously provided for most, if not all of these individuals. Some have been deposed. Some have been subject to prior subpoena *duces tecum* filings for record request in this matter.

## IV. DEFENDANT'S REASONING

Defendant argues, in its combined response to Plaintiff's motion to quash, that the subpoenas are needed for the following reasons:

1. Plaintiff's medical records may contain other relevant information such as pre-existing injuries from other accidents or incidents in which he has been involved;

2. Plaintiff has refused to voluntarily produce the records and has refused to provide an alternative method of access to the records including refusing to sign releases;

3. Plaintiff has improperly redacted records and improperly claimed privileges which may not apply or do not exist;

4. Defendant claims that unredacted medical records are needed to resolve numerous issues at trial including pre-existing condition issues, privilege claims and the like;

5. Defendant claims that Plaintiff has not updated the required discovery disclosures by way of the required supplements as it goes to medical records. Essentially, Defendant claims that new records exist which have not been provided.

## V. RULING

The rules of Civil Procedure are designed to "[s]ecure the just, speedy and inexpensive determination of every action and proceeding." Federal Rule of Civil Procedure 1. To that end, the duality of Rules 16 and 26 have been established to set forth the orderly, consistent and predictable flow and management of litigation and the inexpensive, complete and efficient flow of discovery with minimal intervention from the courts. In cases with counsel (which includes this matter) the attorneys are sworn officers of the court and it is assumed that they will comply with their oath and obligations to the Court and with regard to the applicable rules.

The purpose of Federal Rule of Civil Procedure 45, as correctly stated by Defendant, is for the issuance of trial subpoenas. "Trial subpoenas are appropriate in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation." *Revander v. Denman*, 2004 WL 97693 (S.D.N.Y.))(the Court in *Revander* addresses an analogous situation in which a party attempts to use broad "shot-gun" subpoenas, after the close of discovery and under the guise of trial subpoenas, to engage in further discovery). The purpose of a trial subpoena under Rule 45 should not be the provision of discovery. *Id.*

Generally, no party has standing to quash a subpoena issue under Rule 45 unless there is a claim of privilege as to the documents being sought. *Windsor v. Martindale*, 175 F.R.D. 665 (D.Colorado). In the instant case, Plaintiff has and continues to assert a privilege with regard to numerous documents. As stated above, Plaintiff has continually asserted this privilege throughout this litigation including in Plaintiff's written response to requests for production of documents and in a document entitled "Privilege Log" (Document 94-5).

When the Court examines Defendant's reasons one through four as set forth above, each of the reasons touches on the issue of privilege. Defendant is essentially saying that there is something out there in these records with which I am not being provided that is going to show that Plaintiff's injuries came from another source and that if Plaintiff wasn't claiming privilege, I would get these records and know about this information. While this may be speculatively true, now is not the time and a subpoena *duces tecum* is not the way to address this issue. Plaintiff has, through counsel, claimed privilege and redacted documents accordingly. Plaintiff informed Defendant of what documents were being redacted and, in general, why. Plaintiff complied with Rule 26(b)(5) in this regard. As an officer of the Court, Plaintiff's Counsel is to be believed in his assertion of privilege without proof to the contrary. Defendant has never chosen to litigate this issue in the ample time allowed for such litigation. In fact, despite repeated queries (from both this Court and District Court Judge Moore) as to whether any outstanding issues existed which needed to be dealt with prior to trial, Defendant did not raise this issue other than perhaps briefly alluding to it on June 20, 2013.

If Defendant wished to challenge Plaintiffs assertion of privilege, that needed to be done within the discovery process, by way of motion and in a timely fashion. By not timely challenging the privilege issue, Defendant has waived that challenge. One tenant of an orderly and predictable flow of discovery and litigation is that both parties, and the Court, can rely on that flow. We are well past that point in this litigation. The parties have provided discovery, listed exhibits and prepared for trial. "Indeed, the court's policy of requiring parties to submit a pretrial order detailing those documents which it may use at trial is rendered nugatory if a trial subpoena may issue demanding documents not previously produced or identified." *Revander, supra* (citations omitted).

With regard to reason number five, Defendant claims that Plaintiff has not updated the required discovery disclosures by way of the required supplements as it goes to medical records. Federal Rule of Civil Procedure 26(e) is a self-effectuating rule which requires the parties to timely update disclosures, productions, responses, etc. as new information becomes available. Defendant specifically states "Plaintiff has not provided updated medical records for Plaintiff's current treating providers." This essentially alleges a violation of Rule 26(e) by Plaintiff. Defendant offers no example, affidavit or other information to in any manner support this supposition. Without some proof, even minimal proof, the Court is not going to assume that Counsel is violating the rules. For that matter, Defendant has made no showing that any information has been improperly withheld by Plaintiff under the claim of privilege.

The Court finds as follows: Were these proper trial subpoenas, said subpoenas would be requiring disclosure of privileged or other protected matter (the time to challenge such privilege having been waived as stated above). The Court finds that the issued subpoenas are an attempt

to engage in discovery after the close of discovery. No reason exists why this discovery could not have been properly sought at an earlier time or why it could not have been litigated if Defendant thought it was being stymied in its ability to receive such discovery.

**Therefore, the Court grants both of Plaintiff's Motions to Quash and Orders each of the listed eleven (11) subpoenas QUASHED.**

Dated July 16th , 2013.

BY THE COURT:

s/ Gordon P. Gallagher
_____
Gordon P. Gallagher
U.S. Magistrate Judge